CLD-288                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2702
_____

ANTONIO R. CRAWFORD,
                                        Appellant

v.

DIRECTOR LAPPIN; HARRELL WATTS, Administrative Appeal Dir.;
WARDEN R. MARTINEZ;
T. CERNEY, Regional - Director JL Norwood, sued all in their
individual and official capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-02250)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before: RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 3, 2011 )
_____

OPINION
_____

PER CURIAM

Antonio Crawford appeals from the District Court's order granting summary judgment on his claims that his constitutional rights were violated in connection with his placement in the Special Management Unit ("SMU") at the United States Penitentiary ("USP") in Lewisburg. For the following reasons, we will summarily affirm.

I.

The Bureau of Prisons ("BOP") has established SMUs at some of its institutions for the purpose of managing certain types of inmates who present security risks or management concerns. In August 2009, while Crawford was incarcerated at USP Allenwood, he was recommended for placement in the SMU based on his extensive disciplinary history, including three instances when he made sexual advances toward female staff members. Crawford was notified that he had been referred for placement in the SMU and that a hearing would be held to determine whether referral was appropriate. Prior to the hearing, a staff representative assisted him in obtaining copies of excerpts from his file.

On September 30, 2009, Crawford appeared at a hearing before Todd Cerney, a prison disciplinary hearing officer. Crawford did not present any documentary evidence or witness statements. Instead, he claimed that he did not get the correct copies of his discipline reports from his staff representative and attempted to dispute the circumstances of the underlying disciplinary infractions. Cerney responded that the purpose of the hearing was not to rehash prior disciplinary proceedings, and ultimately determined that

2

Crawford should be placed in the SMU because he was "potentially dangerous toward others and disruptive toward daily prison operations" given his inappropriate behavior toward female staff. On January 29, 2010, Crawford was transferred from USP Allenwood to USP Lewisburg and placed in the SMU.

Crawford filed a pro se complaint against the Warden of USP Allenwood, R. Martinez, and Cerney, alleging that his constitutional rights had been violated in connection with his new placement.[1] The defendants moved to dismiss the complaint or, alternatively, for summary judgment. Adopting the Magistrate Judge's recommendation, the District Court granted summary judgment in favor of the defendants. Crawford timely appealed.

II.

The District Court had jurisdiction over Crawford's complaint pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291, and may summarily affirm the District Court's judgment if the appeal presents no substantial question.[2] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Our review of an order granting summary judgment is plenary. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002).

---

[1] Crawford also sued the Director of the BOP and the head of the BOP administrative appeals division, but voluntarily withdrew his claims against those defendants. Although he moved to amend his complaint to add additional defendants and various plaintiffs, he also withdrew those requested amendments.

[2] Crawford's failure to object to the Magistrate Judge's report and recommendation does not waive his right to review by this Court, since he was never warned of the consequences of a failure to object. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Crawford asserts that his placement in the SMU was conducted in a manner that violated his due process rights. Preliminarily, it is not clear that Crawford was entitled to procedural due process under the circumstances, since administrative segregation only implicates a protectable liberty interest if it dramatically departs, in length of time or otherwise, from basic prison conditions. See Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000) ("[P]lacement in administrative confinement will generally not create a liberty interest."). But even assuming the existence of a liberty interest, we agree with the District Court that Crawford received all process that was due.

Crawford contends that his placement in the SMU violated due process because the referral decision was predicated on conduct for which he had already been disciplined. However, due process is not violated by placing an inmate in administrative custody based on past conduct when that conduct provides a basis for predicting that the inmate will present a danger if corrective measures are not taken. See Fraise v. Terhune, 283 F.3d 506, 523 (3d Cir. 2002). Nor is there any basis for Crawford's claim that placement in the SMU based on previously disciplined conduct constitutes a double jeopardy violation. See United States v. Newby, 11 F.3d 1143, 1144 (3d Cir. 1993) ("[A] prison disciplinary hearing is not a prosecution for Double Jeopardy Clause purposes.").

4

Crawford also claims that he was deprived of an impartial decision-maker in violation of the BOP's Program Statement 5217.01 and due process because Cerney had presided over some of Crawford's underlying disciplinary proceedings. However, Program Statement 5217.01 only precludes a hearing officer from presiding over a hearing if he has been "personally involved <u>as a witness or victim</u> in any relevant disciplinary action involving that inmate." (Compl. Ex. C (emphasis added).) Furthermore, Cerney had no direct personal or other substantial involvement in the matter of Crawford's referral that would render him an inappropriate decision-maker. <u>See</u> <u>Meyers v. Aldredge</u>, 492 F.2d 296, 306 (3d Cir. 1974) ("[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body. This would normally include only those such as the charging and the investigating staff officers who were directly involved in the incident.") (footnote omitted). Notably, Cerney was not reviewing the propriety of his past findings.

Crawford also contends that the staff representative assigned to assist him was operating under a conflict of interest and implies that, as a result of the conflict, he did not receive correct copies of his disciplinary records. Due process does not entitle a prisoner to staff representation absent circumstances not present here. <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 570 (1974). Furthermore, Crawford does not indicate how he was prejudiced by any such error since Cerney had access to Crawford's records and

5

reviewed them prior to rendering his decision. Cf. Burkett v. Cunningham, 826 F.2d 1208, 1221 (3d Cir. 1987) ("[P]roof of prejudice is generally a necessary but not sufficient element of a due process claim.") (quotations omitted and alterations in original). Regardless, the uncontroverted documentary evidence established that the staff representative met with Crawford, allowed Crawford to review his file, and provided copies of those documents Crawford requested.

Additionally, the record clearly established that Crawford received notice of the referral and the basis for the referral, was given an opportunity to present evidence on his behalf, and was presented with a written statement supported by some evidence that explains the basis for the hearing officer's decision. That is all due process requires in the prison context. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-56 (1985). Indeed, Crawford does not deny that he repeatedly propositioned female staff members.[3] The proceeding also comported with the relevant BOP policies and procedures. Accordingly, it was appropriate for the District Court to grant summary judgment to Cerney since there is no basis for concluding that Crawford's placement in the SMU violated the constitution. The District Court also properly awarded summary judgment to Martinez because the absence of an underlying constitutional violation

---

[3] He did, however, suggest in his response to the summary judgment motion that his most recent disciplinary proceeding – which was based on a June 20, 2009 incident in which he asked a female staff member to accompany him to the bathroom – was flawed. But it is not clear what Crawford believes to be the problem. He indicates that he was denied a proper hearing because he was "under mental health care for a suicide attempt" on June 25, 2009. But the documentary evidence reflects that he was given a hearing on the charge on July 6, 2009, at which he appeared and testified to his version of events.

precludes any supervisory liability on a "knowledge or acquiescence" or "failure to train" theory, even assuming such a theory is viable in the <u>Bivens</u> context.[4] <u>See</u> <u>Argueta v. U.S. Immigration and Customs Enforcement</u>, 643 F.3d 60, 70 (3d Cir. 2011).

We will therefore summarily affirm the judgment of the District Court because Crawford's appeal presents no substantial question.[5]

---

[4] The District Court granted summary judgment to Martinez based on the Magistrate Judge's report, but the Magistrate Judge's analysis suggests that the claims against the Warden failed at the pleading stage. Since we may affirm the District Court's grant of summary judgment on any ground supported by the record, <u>see</u> <u>Nicini v. Morra</u>, 212 F.3d 798, 805 (3d Cir. 2000) (en banc), we need not analyze whether the claims against Martinez also failed as pled.

[5] In a document filed in support of his appeal, Crawford suggests that he is not receiving adequate mental health treatment in the SMU. We will not entertain a claim raised for the first time on appeal. <u>See</u> <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 799 (3d Cir. 2001).